

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2006

# Kaur v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2623

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kaur v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1472.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1472

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2623
_____

GARPREET KAUR,
Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No.  75-795-880)
Immigration Judge: Honorable Margaret R. Reichenberg

_____

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2006

BEFORE: SLOVITER, SMITH and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: March 7, 2006)

_____

OPINION
_____

PER CURIAM

Petitioner, Garpreet Kaur, petitions for review of a final order of the Board of

Immigration Appeals ("BIA").  For the reasons that follow, we will dismiss the petition.

I.

Kaur, a native and citizen of India, entered the United States at New York City on March 3, 1998, without inspection. Removal proceedings were commenced on March 27, 1998, by the issuance of a Notice to Appear charging Kaur with being inadmissible pursuant to INA § 212(a)(7)(A)(i)(I). Kaur conceded the charge of removability, and applied for asylum and withholding of removal. At the conclusion of the merits hearing on May 28, 1998, the Immigration Judge ("IJ") denied Kaur's applications for asylum and withholding of removal, and ordered her removed. It does not appear that Kaur appealed the IJ's decision. On May 21, 2004, nearly six years after the IJ ordered her removed, Kaur filed a Motion to Reopen/Change Venue with the Immigration Court. The IJ denied Kaur's motion in an Order dated June 4, 2004, on the ground that Kaur had been removed from the United States by the former-INS on September 17, 1998, and for the alternative reason that her motion to reopen had been untimely filed. Although Kaur, through counsel, originally appealed the IJ's decision, she later filed a motion with the BIA seeking to withdraw that appeal saying, "I am not willing to pursue this case any more as I am planning to go back to my native country, India, in the near future." Having been advised that the appeal had been withdrawn, the BIA returned the record to the Immigration Court without further action in an order dated August 6, 2004.

Kaur returned to the Immigration Court on December 14, 2004, with a second Motion to Reopen/Change Venue, filed pro se, that raised arguments "virtually identical"

2

to those set forth in her first motion. The IJ noted, however, that Kaur failed to admit that she had been previously removed from the United States, and failed to even acknowledge that she had filed another motion to reopen which had been denied and that she had abandoned her appeal to the BIA. In a decision dated January 7, 2005, the IJ denied Kaur's second motion to reopen. The IJ initially determined that, as argued by the Department of Homeland Security ("DHS"), the court was without jurisdiction under 8 C.F.R. § 1003.23(b) to consider her motion given her removal from the country on September 17, 1998. The IJ noted that Kaur failed to address the issue of her removal and/or apparent subsequent reentry. The IJ further determined that, even if there were any question as to whether Kaur actually departed the country in September 1998, the motion to reopen was nonetheless untimely filed and in violation of the numerical limitation placed on such motions by 8 C.F.R. § 1003.23(b)(1). The IJ warned Kaur that the filing of any additional motions to reopen based on the same information contained in her first and second reopen motions would be deemed frivolous and denied on that basis. The BIA affirmed the IJ's decision without opinion. Kaur filed a timely petition for review.

## II.

Respondent contends that Kaur's petition for review should be dismissed because she failed to exhaust administrative remedies insofar as she did not challenge the IJ's denial of her motion to reopen on appeal to the BIA, and because Kaur waived the issue

of whether the IJ committed an abuse of discretion in denying her motion to reopen by failing to raise such issue in her brief to this Court. Respondent's contentions are not without merit.

As respondent correctly notes, 8 U.S.C. § 1252(d)(1) provides for judicial review of final orders of removal "only if ... the alien has exhausted all administrative remedies available to the alien as of right." We reiterated that requirement in Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003), wherein we stated that "an alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim...." See also Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004), quoting Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir.1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue ... will not suffice to bring that issue before this court."). A review of the record in this case reveals that Kaur makes only a general statement that the IJ erred in denying her second motion to reopen, and wholly fails to address the substance of the IJ's decision in her appeal to the BIA. Likewise, in her brief to this Court, Kaur makes no mention of the IJ's decision that her second motion for reconsideration was barred on jurisdictional grounds or, alternatively, was untimely filed. Instead, petitioner merely argues the merits of her underlying asylum claim – an issue not before us since no appeal was taken to the BIA and no subsequent petition for review filed with this Court within the time period prescribed by 8 U.S.C. §

4

1252(b)(1) – and attempts to raise an issue regrading her eligibility to adjust status based on her marriage to a United States citizen.

Even assuming arguendo that Kaur's claims were properly exhausted, we would nonetheless deny her petition for review. The denial of a motion to reopen is reviewed for an abuse of discretion. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Where, as in this case, the BIA adopts the IJ's decision, the Court reviews the IJ's decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). Even putting aside the IJ's determination that it lacked jurisdiction to review Kaur's reopen motion because of her 1998 removal from the United States, any challenge Kaur might attempt to raise with respect to the IJ's determination that the reopen motion was untimely filed is meritless. The IJ correctly concluded that, because Kaur offered nothing other than the bare allegation that her "life was still in danger" in India, she failed to overcome the statutory time limitations for filing a motion to reopen, and thus was required to file a motion to reopen within 90 days of the final order of removal pursuant to 8 C.F.R. § 1003.23(b)(1) and (b)(4)(i). See also 8 C.F.R. § 1003.2(c)(2). Kaur's motion, as noted, was filed more than six years later. Further, without any corroborating information as to changed country conditions in India – either specific to her or in general – petitioner failed to demonstrate that an exception was warranted to the numerical limitations set out in 8 C.F.R. § 1003.23(b)(1).

### III.

Accordingly, for the foregoing reasons, we will dismiss Kaur's petition for review.